Carlos C. Alsina-Batista (Bar # 327286)
Wajda Law Group, APC
6167 Bristol Parkway, Ste. 200
Culver City, CA 90230
Tel. 888-213-0169
Fax : 866-286-8433
Email: calsinabatista@wajdalawgroup.com
*Attorney for Plaintiffs Christopher and Amy Tamayo*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION**

| | |
|---|---|
| In re: <br><br> Christopher Tamayo; <br> Amy Janice Tamayo, <br><br> Debtors. <br> _____ <br> Christopher Tamayo; <br> Amy Janice Tamayo, <br><br> Plaintiffs, <br><br> vs. <br><br> Klarna Inc.; TrueAccord, Corp., <br><br> Defendants. | CASE NO: 2:20-bk-18820-ER <br><br><br> CHAPTER 7 <br><br><br> ADV.PROC.NO. <br><br><br> **WILLFUL VIOLATIONS OF THE AUTOMATIC STAY** |

**COMPLAINT**

**TO THE HONORABLE COURT:**

    **NOW COME**, Plaintiffs, Christopher Tamayo and Amy Janice Tamayo, through the undersigned attorney, and very respectfully allege, state and pray as follows:

**JURISDICTION AND VENUE OF THIS HONORABLE COURT**

    This is a core proceeding under 11 U.S.C. §§ 362, 105(a) and Fed.R.Bankr.P. 7001.

- 1 -

**Jurisdiction** is invoked under 28 United States Code U.S.C. § 157(a)(b)(1) and § 1334 since the facts of the Complaint arise in connection with a case under the Bankruptcy Code and concerns this Honorable Court's powers and property of the Debtor.

**Venue** is proper in this District Court under 28 U.S.C. § 1408 & § 1409, in as such as all the events or omissions giving rise to the claims of the above-captioned case occurred within this district.

## PARTIES

1. Plaintiffs, Christopher Tamayo and Amy Janice Tamayo are Debtors in the above-captioned Chapter 7 proceeding under the Bankruptcy Code (case 2:20-cv-01778-ER), and therefore, have standing to appear as Plaintiffs.

2. Creditor and Codefendant Klarna, Inc. (hereinafter referred to as "Klarna"), a corporation organized under the laws of Delaware doing business in California, is the creditor of a debt that was duly included in Debtors' bankruptcy petition. Klarna directly and/or through third parties carried out acts in violation of the Automatic Stay provisions of the Bankruptcy Code.

3. Codefendant TrueAccord Corp. (hereinafter referred to as "TrueAccord"), a corporation organized under the laws of Delaware doing business in California, is a debt collection agency retained by Codefendant TrueAccord to carry out collection attempts against Plaintiffs in violation of the Automatic Stay. TrueAccord is therefore, also responsible for the damages claimed in this complaint.

## FACTUAL ALLEGATIONS

4. On September 11, 2020, Plaintiffs filed a Chapter 7 Bankruptcy petition; Case number 2:20-bk18280-ER (Dkt. 1).

5. On September 16, 2020, the Bankruptcy Court served Codefendant Creditor, Klarna Inc. with Notice of the Petition and the 341 Meeting of Creditors (Dkt. 7).

6. On Schedule "E/F," filed on September 25, 2020 (Dkt. 11), Plaintiffs included the amount owed on a revolving credit account to Klarna, Inc.

7. At the time the bankruptcy petition was filed, PLAINTIFFS caused notice of the filing to be given to all creditors, including Codefendant, Klarna, Inc. Said creditor was informed that all actions or proceedings to enforce any claims subsequent to the filing of the aforesaid petition were stayed by law.

8. The notice mailed by this Honorable Court to Klarna, Inc. included the following warning to all creditors:

> The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. **Creditors cannot demand repayment from debtors by mail, phone, or otherwise.** Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees

See Docket 7 (added emphasis).

9. The Notice of the 341 meeting of creditors, along with a description of the Stay of Proceedings was served by US Mail. See Docket No. 7.

10. Upon receipt of this notice and request, and this Honorable Court's Notice, Klarna, Inc. any assignees and/or agents were required pursuant to 11 U.S.C. § 362 to *stop* any and all money actions against Plaintiffs and their property.

11. Codefendant Klarna Inc. was included in both the master address list, and in Schedule E/F of the Bankruptcy Petition, with regards to an Unsecured Claim with a balance of $99.00.

12. Defendants *had knowledge of the filing* of Plaintiffs´ Bankruptcy petition and of the Automatic Stay Provisions of the Bankruptcy Code in effect.

## WILLFUL VIOLATIONS OF THE AUTOMATIC STAY ORDER
## PURSUANT TO 11 U.S.C. § 362, CIVIL CONTEMPT & INJUNCTIVE RELIEF

13. Plaintiffs restate each every preceding allegation as if fully set forth herein against all co-defendants.

14. Section 362 of the Bankruptcy Code, in its pertinent part, reads as follows:

> "a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title *[11 USCS §§ 301,* 302, or 303], or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 *[15 USCS § 78eee*(a)(3)], operates as a stay, applicable to all entities, of—
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;…..
>
> (2) ................................;
> (3) ................................;
> (4) ................................;
> (5) ................................;
> (6) any act to collect, **assess**, or **recover** a claim against the debtor that arose before the commencement of the case under this title;"

(Added emphasis)

15. Federal courts have concluded that both public and private creditors of debtor are subject to automatic stay; even parties who are not creditors of the estate are subject to it. See In Re Claussen, 118 B.R. 1009, 1015 (Bankr.D.S.D. 1990).

16. The filing of the petition effectuates the automatic stay of Section 362(a) of the Bankruptcy Code, protecting the debtor and the estate from most creditor actions. See 1-1 Collier Consumer Bankruptcy Practice Guide P 1.02 (Matthew Bender 3d Ed. Revised 2005)).

17. Even after being duly notified by the Honorable Court of the proceedings in Plaintiffs' bankruptcy case, Codefendants continued to collect on the debt.

18. In a brazen violation of the automatic stay, after having received notice of Plaintiffs' bankruptcy filing, Codefendants sent a series of collection electronic communications, demanding immediate payment of the prepetition outstanding amount included on Schedule E/F.

19. Between October 26 and November 30, 2020, Defendants sent communications demanding payment on no less than 6 occasions. Hence, Codefendants violated the Automatic Stay provision through six different collection demands.

20. This constant onslaught of attempts by defendants to collect a debt included in the bankruptcy petition has prevented Plaintiffs from enjoying the financial fresh start, which is a central principle of federal bankruptcy law.

21. The filing of the petition effectuates the automatic stay of Section 362(a) of the Bankruptcy Code, protecting the debtor and the estate from most creditor actions. See 1-1 Collier Consumer Bankruptcy Practice Guide P 1.02 (Matthew Bender 3d Ed. Revised 2005).

22. The aforementioned acts perpetrated by Codefendants caused Plaintiffs to be fearful of garnishments of their personal property, including their bank account.

23. By continuing to make collection efforts, Defendants acted with knowledge that Plaintiffs had filed a bankruptcy petition. Defendant's acts were willful and egregious violations of the Automatic Stay Order provisions pursuant to 11 U.S.C. § 362.

24. Defendants had *knowledge* of the wrongs and conspired to commit them in a blatant disregard of this Honorable Court´s stay order.

25. The aggregate acts committed by both Codefendants have deprived Plaintiffs of their right to a financial fresh start, which is a basic purpose of any bankruptcy process.

26. As a result of the willful, intentional, deliberate and unlawful actions perpetrated by Codefendants, Plaintiffs have suffered anxiety, anguish, sleep disturbances and general nervousness. Plaintiffs are entitled to compensatory damages in the amount of no less than **$9,000** for suffering caused to Plaintiffs, mental anguish and the deliberate disruption of Plaintiffs' financial rehabilitation efforts, which are a basic tenet of bankruptcy law.

27. Codefendants' *intentional* and *deliberate* actions were done in reckless disregard of this Honorable Court's orders, namely the Automatic Stay of Collections Order under 11 U.S.C. § 362, as well as the Discharge Order provisions under 11 U.S.C. § 524, for which punitive damages in the amount of no less than **$10,000** should be awarded to Plaintiffs.

28. It has been necessary for Debtors to retain counsel to present the instant action for willful violations of the automatic stay, and counsel has incurred and will incur costs and other related expenses in prosecuting the same.

29. As a result of Defendants' deliberate actions, Plaintiffs are entitled to costs and attorney's fees incurred defending the stay violations and prosecuting this action as a substantive remedy. See In re Dawson, 390 F.3d 1139, 1149 (9th Cir. 2004); In re Vázquez Laboy, 647 F.3d 367, 376 (1st Cir. 2011).

30. Once the Court determines there is a willful violation of the stay, 11 U.S.C. 362(k) mandates that damages be assessed; Debtors are entitled to recover actual damages, costs and attorney's fees. Under this case's circumstances, the Court may award punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, in view of the foregoing, Plaintiffs respectfully request this Honorable Court to grant judgment in their favor in the following manner:

1. Order Defendants to cease and desist of all collection efforts on the prepetition debt.

2. Find that Defendants are in contempt of the Court for their willful violations of the Automatic Stay.

3. Award PLAINTIFFS, pursuant to 11 U.S.C. §§ 362(k) and 105(a) an amount no less than **$9,000.00** for actual damages and no less than **$10,000.00** for punitive damages, and all attorney's fees and costs for the violation of the Automatic Stay.

4. Any other relief that this Honorable Court may deem just, equitable and appropriate.

**RESPECTFULLY SUBMITTED.**

In Culver City, California, on this 3rd day of December, 2020.

**/s/ Carlos C. Alsina-Batista**
Carlos C. Alsina-Batista (Bar # 327286)
Wajda Law Group, APC
6167 Bristol Parkway, Ste. 200
Culver City, CA 90230
Tel. 888-213-0169
Fax : 866-286-8433
Email:
calsinabatista@wajdalawgroup.com